UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 12-10322-GAO

UNITED STATES OF AMERICA,

v.

ALEJANDRO PEREZ,
a/k/a "ERNESTO GARCIA," a/k/a "ALEX," a/k/a "ANEUDY,"
Defendant.

ORDER
March 7, 2023

O'TOOLE, D.J.

On July 16, 2013, the defendant, Alejandro Perez, pled guilty to an Indictment charging him with possession with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 168 months' imprisonment and five years' supervised release. He now moves pro se under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The government has moved to dismiss the petition.

Perez appears to argue that the Supreme Court's opinion in United States v. Davis, 139 S.Ct. 2319 (2019), renders unconstitutional the two-point sentence enhancement he received pursuant to United States Sentencing Guidelines Manual ("U.S.S.G.") § 2D1.1(b)(1). Davis involved 18 U.S.C. § 924(c), which heightens "criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of,' any federal 'crime of violence or drug trafficking crime.'" Davis, 139 at 2324. The Court in Davis addressed the ambiguity in the definition of "crime of violence," and held that the term is unconstitutionally vague when defined to cover a felony "that by its nature, involves a substantial risk that physical

force against the person or property of another may be used in the course of committing the offense." Id. at 2324, 2336.

Here, however, Perez was not convicted of violating § 924(c). His conviction was under 21 U.S.C. § 841(a)(1). The enhancement he received was based U.S.S.G. § 2D1.1(b)(1), a sentencing guideline that increases an offense level by two levels if "a dangerous weapon (including a firearm) was possessed." U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2013). The enhancement does not contain or otherwise rely upon the phrase "crime of violence," the term at issue in Davis. Consequently, Davis does not affect Perez's sentencing calculation.

For the foregoing reasons, the government's First Motion to Dismiss (dkt. no. 72) is GRANTED. The petition is DISMISSED. Because Perez has not "made a substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge